## CHARLES MUSSEY *versus* THOMAS McLELLAN.

The satisfaction of an execution recovered against one of the indorsers of a promissory note by a levy on the real estate, and by the sale of the equities of redemption of the judgment debtor — when such debtor subsequently to the attachment, but prior to such levy and sale — had conveyed his interest in the estates embraced by such levy and sale, does not furnish the foundation for a suit for contribution against another indorser, who by agreement was bound with him to contribute equally to the payment of the note.

Such satisfaction was from the property of the grantee of the judgment debtor, and cannot be considered as a payment by the debtor.

THIS was an action of assumpsit, which was submitted to the Court for decision on the following facts.

The defendant and the plaintiff were prior and subsequent indorsers on a promissory note, dated Nov. 21, 1836, for $5000, signed by Henry Ilsley and Henry J. Ilsley, and payable to Henry J. Ilsley in one year, and by him indorsed. A demand on the makers was seasonably made, and due notice of such demand and non-payment was given the indorsers.

On the third of Nov. 1836, the plaintiff and defendant mutually agreed to hold themselves accountable to each other on the above note for one half of the same, provided the promissors should neglect to pay the same at its maturity.

The President, Directors & Co. of the Exchange Bank, on the 24th of Nov. 1837, sued out a writ against the plaintiff as indorser of the above note, and procured upon the same an attachment of all his interest in real estate. Upon this suit judgment was rendered against him at the Nov. Term, 1839, of this Court. This judgment was rendered Dec. 30, 1839, and execution issued thereon, and was levied on store No. 9, on Union Street in Portland, and the wharf and flats adjoining, by which the same was satisfied, for the sum of $1470,96. On the 29th of January, 1840, the plaintiff's right to redeem a former levy made by the Bank of Cumberland on his real estate in Federal, Gray, and Fore streets, and several other lots levied upon, was seized on the execution in favor of the Exchange Bank against the plaintiff, and the same was sold on the 29th of the fol-

lowing February to Eben McLellan, a son of the defendant, for the further sum of $1806,62.

It appeared from proof introduced by the defendant that the judgment, *Exchange Bank* v. *Mussey*, was assigned to Eben McLellan, Jan. 20, 1840, pursuant to a vote of the Directors of that institution.

It further appeared, that the plaintiff, by deed duly acknowledged and recorded, dated Oct. 18, 1838, conveyed to Eben McLellan store No. 9, on Union wharf and the flats, and that by deed dated July 22, 1839, he released to John Rand all his right in the three lots on Federal, Gray, and Fore streets, and in the other estates levied upon ; that Mr. Rand forbade the sale of those equities upon the execution referred to, and that Eben McLellan was notified by the officer that the Bank of Cumberland would not permit him to redeem the levies, unless he redeemed the whole of the lots levied on at the same time, and that in fact said McLellan paid no money for said equities by him purchased, save the fees due the officer, by whom they were sold.

The attachment in the suit, *Bank of Cumberland* v. *Charles Mussey*, by virtue of which these levies were made, was dated Oct. 31, 1837, and their levy was made on the 22d of July, 1839, on the estates of said Mussey before named.

At a meeting of the directors of the Bank of Cumberland it was voted not to permit a redemption of the property of said Mussey, levied upon, unless the whole was redeemed.

*Rand,* for the plaintiff. The rights of the parties, as prior and subsequent indorsers, have been varied by contract. The plaintiff, having paid more than half of the note, seeks to recover the balance over such half of the defendant. The return of the officer on the execution, *Exchange Bank v. Mussey*, shows a satisfaction of the execution to the amount of $1470,96 by a levy on the plaintiff's store and wharf, and to the amount of $1806,62 by a sale of his equities of redemption — both sums exceeding half of the execution — and for this excess, this suit is brought. The title acquired by the levy is perfect in the Exchange Bank — and when Eben McLellan purchased the store levied upon, he purchased subject to the contingency of

its being so levied upon. If no title passed by the deed, *Mussey to McLellan*, the plaintiff would be liable on his covenants to McLellan. The liability of the plaintiff to E. McLellan, would make it none the less a payment of so much of this execution by the plaintiff. So much went to the benefit of the defendant. The levy made on the right of redeeming certain lands previously levied upon, was sold, and paid another portion of the debt for which the defendant was liable. The right to redeem all the lots levied upon was seized, but all were not sold. But the defendant is not to gain by that omission. It is immaterial to him, whether Eben McLellan redeems or not. The right to redeem was taken from Mussey or his grantee — and satisfied, when sold, a given portion of the execution. Whether that was a good or bad purchase — whether any redemption followed such purchase — is a matter which in no way concerns the defendant, or lessens his obligation. He has been discharged — the property of the plaintiff has been sold to discharge him from this debt, and he is entitled therefore to remuneration.

*Preble*, for the defendant. No action can be maintained upon the note, because the plaintiff is neither the owner nor the holder of it. Nor can any action be maintained in consequence of the levy of the store No. 9, on Union wharf. This was conveyed, subsequent to the attachment in the writ in favor of the Exchange Bank, to E. McLellan, and was his at the time of the levy. The execution was satisfied, not by the property of the plaintiff, but by that of McLellan.

In regard to the sale of the equities of redemption, the debt of the Cumberland Bank was satisfied by a levy on several lots of land. After this levy, the plaintiff released to Rand the right to redeem from the levy. This right not being in existence at the time of the commencement of the suit, *Exchange Bank* v. *Mussey*, passed to Rand. If so, then nothing was sold, and the Exchange Bank have a right, upon *scire facias*, to a judgment for the amount of this supposed satisfaction.

If not, yet as the officer selling, sells only the right to re-

deem a portion of the lots levied upon, and as such sale would be ineffectual, the law requiring the right to redeem all the lots to be sold, the satisfaction by virtue of the sale of the right of redeeming certain lots levied upon by the Bank of Cumberland, was purely nominal. This sale interfered with no rights of the plaintiff. Whatever was sold, belonged to Rand.

None of the property of Mussey has been sold or levied upon. The plaintiff has paid nothing on account of the defendant, and without such payment, is not entitled to maintain this suit.

The opinion of the Court was delivered by

TENNEY J. — This action is upon a negotiable promissory note against a prior by a subsequent indorser. The proper demand and notice had been made and given, in order to render the parties to the note liable, according to mercantile usage. The writ contained also the money counts. It may well be doubted, whether the parties stand in such a relation to each other, as to entitle the plaintiff to recover of the defendant on this note as negotiable paper, even if the former were really the holder. By the contract of Nov. 26, 1836, they mutually agreed to hold themselves accountable to each other for the one half of said note, should the promissors neglect to pay the same, when at maturity. But the plaintiff is not the holder of the note; he has not paid and taken it up; it is now the property of the Exchange Bank, or its assignee, and no other party can maintain an action thereon as it stands before us; and the plaintiff relies upon the contract with the defendant, and contends that he is entitled to recover because he has paid more than one half of the note, and for that excess. Has more than half the note been paid? If so, has it been paid by the plaintiff? More than one half of the execution arising from this note, appears by the indorsements thereon to have been paid; this has been done by a set-off of store No. 9, on Union wharf and flats adjoining, and by the sale of the right of redeeming certain parcels of land previously set off upon an execution against the plaintiff in favor of the Cumberland

Bank. After the first levy was made upon the execution recovered upon this note, the Bank assigned to E. McLellan all right, title, claim and demand in and to the balance due on the execution, and the judgment whereon the same issued, and to the original debt on which the same was recovered. This assignment could not change the mutual relation of the parties to this suit, they being strangers to that transaction. It is said by the defendant's counsel, that the last levy and indorsement upon the execution is a nullity, and that the latter, by a proper process, may be cancelled. It may be true, that, as only the right of redeeming a portion of the several parcels of land set off on the execution in favor of the Cumberland Bank was sold, the purchaser had no right to redeem that portion alone, without the consent of the Cumberland Bank, which it seems was denied; and notice was given at the sale to the officer and the purchaser that it would be so denied, and no redemption has taken place. Yet, as the assignee of the judgment made the purchase, when apprised of his situation, and when he could have stopped the proceedings, and caused the indorsement to be made, we do not think we are authorized to say, that the indorsement is no satisfaction of the execution. The Cumberland Bank may yet receive the money for the several parcels of land set off, the right of redeeming which was supposed to be sold on the execution in favor of the Exchange Bank.

But has the plaintiff paid the sums indorsed upon the execution? It is not pretended that he has paid, otherwise than by the levies. Before the interests attached upon the original writ were seized on the execution, the plaintiff had given deeds of the whole to different individuals. He was so possessed, that the estate passed by his conveyances, liable to be taken away or diminished by the inchoate right of the attaching creditors. If their attachments had expired, the interest owned by him would have been perfect in his grantees. As the attachments were succeeded by levies, the rights of redeeming only were available to them. But in no event were the deeds to be treated as void — the levies would not make them so,

although they impair the value. The property of the grantees has been taken, in consequence of the attachments, to discharge a portion of the plaintiff's debt, and a recovery in this action would give him a twofold consideration for his land. If his deeds contained covenants, which fact does not appear, he could not prevail on the ground that he is liable thereon; the grantees do not appear to have been dispossessed, and before more than nominal damages could be recovered by them, they must remove the incumbrances. But such a liability would be insufficient, to entitle the plaintiff to the excess over one half of the execution against him, recovered upon the judgment on the note in question.

*The plaintiff must become nonsuit.*